UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 24 CR 503- 3 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| EDMUND SINGLETON | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on motion of the United States Attorney for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, and the Court being fully informed hereby finds as follows:

(a) On October 24, 2024, an indictment was returned charging defendant EDMUND SINGLETON with conspiracy to carjack, in violation of Title 18, United States Code, Section 371(Count One), carjacking, in violation of Title 18, United States Code, Section 2119 (Count Two); using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count Three); and attempted carjacking, in violation of Tittle 18, United States Code, Section 2119 (Count Four); and having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, in and affecting interstate commerce a firearm, in which it had traveled in interstate commerce prior to defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Count Five). The indictment sought forfeiture to the United States of any firearm and ammunition

involved in and used in the charged offense including but not limited to: (i) a tan and black snakeskin patterned Lone Wolf R&D handgun bearing serial number AAA 494 with a TSD Combat Systems 9mm slide and 9mm Glock barrel and associated ammunition, (ii) a Glock Model 19 9mm semiautomatic pistol bearing serial number BLR277 and associated ammunition, and (iii) a Glock 30 Gen 4 .45 caliber semiautomatic pistol bearing serial number BPCL054 and associated ammunition.

(b)     Beginning on July 21, 2025, a jury trial was held before this Court.

(c)     On July 28, 2025, the jury returned a verdict of guilty against defendant EDMUND SINGLETON to Counts One Two, Three, Four and Five of the indictment, thereby making certain property subject to forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

(d)     Because of the defendant's conviction of the above violations, the foregoing firearms and ammunition are subject to forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d)(1) which provides, in part: "[a]ny firearm or ammunition involved in or used in any knowing violation of subsection . . . (g)(1) . . . of section 922 . . . of subsection (c) . . . of section 924 . . . of section 2119 . . . shall be subject to seizure and forfeiture."

(e)     The United States requested that this Court enter a preliminary order of forfeiture against defendant EDMUND SINGLETON as to the foregoing firearms and ammunition, because the property was used and was intended to be used in the offense of conviction charged in the indictment.

2

(f) Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant EDMUND SINGLETON as to: (i) a tan and black snakeskin patterned Lone Wolf R&D handgun bearing serial number AAA 494 with a TSD Combat Systems 9mm slide and 9mm Glock barrel and associated ammunition, (ii) a Glock Model 19 9mm semiautomatic pistol bearing serial number BLR277 and associated ammunition, and (iii) a Glock 30 Gen 4 .45 caliber semiautomatic pistol bearing serial number BPCL054 and associated ammunition. Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2, all right, title, and interest of the defendant in the foregoing property named in this order shall be forfeited to the United States for disposition according to law.

(g) Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2, the terms and conditions of this preliminary order of forfeiture shall be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case. In accordance with Rule 32.2(b)(4)(A), at sentencing - or at any time before sentencing if the defendant consents - the preliminary order of forfeiture will become final as to the defendant. Pursuant to Rule 32.2(c), if a third-party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights. Pursuant to Title 21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States Code, Section 2461(c), third parties have 30 days from the publication of notice or receipt of notice, whichever is earlier, to file a petition. The preliminary order of

forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third party interests, this Court shall, upon the government's motion if appropriate, enter a final order of forfeiture of the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

(h) Pursuant to Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2, the foregoing property shall upon entry of this preliminary order of forfeiture be seized by the Federal Bureau of Investigation.

(i) This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

MATTHEW F. KENNELLY
United States District Judge

DATED: 1/8/2026

4