# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>EDMUND SINGLETON | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:24-CR-00503(3)<br><br>USM Number: 52241-424<br><br>Gabrielle Rose Sansonetti<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)      which was accepted by the court.

☒ was found guilty on counts one (1), two (2), three (3), four (4), and five (5) of the indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. §371 Conspiracy to Commit Carjacking | 11/03/2022 | 1 |
| 18 U.S.C. §2119 Motor Vehicle Theft - Carjacking | 11/03/2022 | 2 |
| 18 U.S.C. §924(c)(1)(A) Brandishing a Firearm During a Crime of Violence | 11/03/2022 | 3 |
| 18 U.S.C. §2119 Attempted Motor Vehicle Theft – Carjacking | 11/03/2022 | 4 |
| 18 U.S.C. §922(g)(1), 18 U.S.C. §922(a)(8) Felon in Possession of a Firearm | 11/03/2022 | 5 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

January 8, 2026
Date of Imposition of Judgment

_/s/ Matthew F. Kennelly_
Signature of Judge
Matthew F. Kennelly, United States District Judge
Name and Title of Judge

1-12-2026
Date

Case: 1:24-cr-00503 Document #: 240 Filed: 01/12/26 Page 2 of 10 PageID #:3609
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 2 – Imprisonment                                                                                          Judgment – Page 2 of 6

DEFENDANT: EDMUND SINGLETON
CASE NUMBER: 1:24-CR-00503(3)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Two hundred and four (204) months. Eighty-four (84) months on count three (3), sixty (60) months as to count one (1); and one hundred and twenty (120) months as counts two, four, and five. Count three (3) is to run consecutively to all other counts. Counts 1, 2, 4, and 5 are to run concurrently. The sentence considers the Court's view that the defendant will receive credit for the time he served in state custody on case number 23 CR 538601

☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be designated to FBOP Greenville, or the next closest facility to Chicago due to the defendant's family residing in the area.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at         on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2:00 pm on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case: 1:24-cr-00503 Document #: 240 Filed: 01/12/26 Page 3 of 10 PageID #:3610
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release                                                                                    Judgment – Page 3 of 6

DEFENDANT: EDMUND SINGLETON
CASE NUMBER: 1:24-CR-00503(3)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Three (3) years as to counts one (1), two (2), three (3), four (4), and five (5). The terms are to run concurrently. Any costs of supervision are waived.

The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

4. The defendant shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, or work conscientiously at, lawful employment or, if he is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip him for employment.

2. The defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity and shall not: Marquell Davis and Ramone Bradley.

3. The defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%; or ☐ ), and from any use of a narcotic drug or other controlled substance, as defined in §102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner.

4. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

5. The defendant shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

6. The defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

7. The defendant shall report to the probation office in the federal judicial district to which he is released within 72 hours of the defendant's release from imprisonment. The defendant shall thereafter report to the probation officer at reasonable times as directed by the court or a probation officer.

DEFENDANT: EDMUND SINGLETON
CASE NUMBER: 1:24-CR-00503(3)

8. The defendant will permit a probation officer to visit him at any reasonable time at home or any location that the probation officer may enter by right or consent and will permit confiscation of contraband in plain view.

9. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

10. The defendant shall notify a probation officer within 72 hours if arrested, charged with a crime, or questioned by a law enforcement officer.

11. The defendant shall satisfy such other special conditions as ordered below.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)
The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 15 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 200 hours.

2. The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

3. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

4. The defendant shall observe one Reentry Court session, as instructed by his probation officer.

DEFENDANT: EDMUND SINGLETON
CASE NUMBER: 1:24-CR-00503(3)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $500.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the _____ .

☐ the interest requirement for the _____ is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EDMUND SINGLETON
CASE NUMBER: 1:24-CR-00503(3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $500 due immediately.

    ☐ balance due not later than     , or

    ☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal     (*e.g. weekly, monthly, quarterly*) installments of $     over a period of     (*e.g., months or years*), to commence     (*e.g., 30 or 60 days*) after the date of this judgment; or

**D** ☐ Payment in equal     (*e.g. weekly, monthly, quarterly*) installments of $     over a period of     (*e.g., months or years*), to commence     (*e.g., 30 or 60 days*) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within     (*e.g., 30 or 60 days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**     **Total Amount**     **Joint and Several Amount**     **Corresponding Payee, if Appropriate**

**\*\*See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.\*\***

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: See attached Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 24 CR 503- 3 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| EDMUND SINGLETON | ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on motion of the United States Attorney for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, and the Court being fully informed hereby finds as follows:

(a) On October 24, 2024, an indictment was returned charging defendant EDMUND SINGLETON with conspiracy to carjack, in violation of Title 18, United States Code, Section 371(Count One), carjacking, in violation of Title 18, United States Code, Section 2119 (Count Two); using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count Three); and attempted carjacking, in violation of Tittle 18, United States Code, Section 2119 (Count Four); and having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, in and affecting interstate commerce a firearm, in which it had traveled in interstate commerce prior to defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Count Five). The indictment sought forfeiture to the United States of any firearm and ammunition

involved in and used in the charged offense including but not limited to: (i) a tan and black snakeskin patterned Lone Wolf R&D handgun bearing serial number AAA 494 with a TSD Combat Systems 9mm slide and 9mm Glock barrel and associated ammunition, (ii) a Glock Model 19 9mm semiautomatic pistol bearing serial number BLR277 and associated ammunition, and (iii) a Glock 30 Gen 4 .45 caliber semiautomatic pistol bearing serial number BPCL054 and associated ammunition.

(b)     Beginning on July 21, 2025, a jury trial was held before this Court.

(c)     On July 28, 2025, the jury returned a verdict of guilty against defendant EDMUND SINGLETON to Counts One Two, Three, Four and Five of the indictment, thereby making certain property subject to forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

(d)     Because of the defendant's conviction of the above violations, the foregoing firearms and ammunition are subject to forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d)(1) which provides, in part: "[a]ny firearm or ammunition involved in or used in any knowing violation of subsection . . . (g)(1) . . . of section 922 . . . of subsection (c) . . . of section 924 . . . of section 2119 . . . shall be subject to seizure and forfeiture."

(e)     The United States requested that this Court enter a preliminary order of forfeiture against defendant EDMUND SINGLETON as to the foregoing firearms and ammunition, because the property was used and was intended to be used in the offense of conviction charged in the indictment.

(f) Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant EDMUND SINGLETON as to: (i) a tan and black snakeskin patterned Lone Wolf R&D handgun bearing serial number AAA 494 with a TSD Combat Systems 9mm slide and 9mm Glock barrel and associated ammunition, (ii) a Glock Model 19 9mm semiautomatic pistol bearing serial number BLR277 and associated ammunition, and (iii) a Glock 30 Gen 4 .45 caliber semiautomatic pistol bearing serial number BPCL054 and associated ammunition. Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2, all right, title, and interest of the defendant in the foregoing property named in this order shall be forfeited to the United States for disposition according to law.

(g) Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2, the terms and conditions of this preliminary order of forfeiture shall be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case. In accordance with Rule 32.2(b)(4)(A), at sentencing - or at any time before sentencing if the defendant consents - the preliminary order of forfeiture will become final as to the defendant. Pursuant to Rule 32.2(c), if a third-party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights. Pursuant to Title 21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States Code, Section 2461(c), third parties have 30 days from the publication of notice or receipt of notice, whichever is earlier, to file a petition. The preliminary order of

forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third party interests, this Court shall, upon the government's motion if appropriate, enter a final order of forfeiture of the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

(h)    Pursuant to Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2, the foregoing property shall upon entry of this preliminary order of forfeiture be seized by the Federal Bureau of Investigation.

(i)    This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

                                                            */s/ Matthew F. Kennelly*
                                                          MATTHEW F. KENNELLY
                                                          United States District Judge

DATED: 1/8/2026